■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD RODNEY BLACKWELL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 24, 1963 after a jury trial, convicting him of burglary, grand larceny and rape (all in the first degree), and of assault in the second degree, and imposing sentence. Defendant's conviction was based, in part, upon his alleged confession. Although no objection was made to the introduction of the confession, the issue as to whether it was voluntary or involuntary was submitted to the jury. In the light of the decision of the Supreme Court of the United States (*Jackson* v. *Denno*, 378 U. S. 368), and on the court's own motion, this action is remitted to the trial court for further proceedings in accordance with *People* v. *Huntley* (15 N Y 2d 72). The procedure prescribed in *People* v. *Korda* (24 A D 2d 577) should be followed. In the interim, the pending appeal will be held in abeyance. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR F. CORSO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 26, 1964 on his plea of guilty, convicting him of attempted burglary in the third degree, and imposing sentence as a second felony offender. Judgment affirmed. In our opinion, the defendant evinced no proper ground for invoking the discretion of the sentencing court so as to allow the withdrawal of his plea of guilty. Counsel's present claims that the defendant was insane at the time of his plea and at the time of sentence are not sustained by the almost contemporaneous psychiatric report which the sentencing court had before it. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK FRIEDBERG, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered March 6, 1964 after a jury trial, convicting him of sodomy in the first degree, and imposing sentence. Judgment affirmed. No substantial right of defendant was prejudiced by the admission in evidence, without objection, of testimony of a police officer of identification in a hospital and prior to trial of defendant by the complainant (*People* v. *Tobin*, 176 N. Y. 278, 289; *People* v. *Jackson*, 196 N. Y. 357, 362). Both complainant and a companion positively identified the defendant at the trial. Defendant offered no evidence. The identifications at the trial were corroborated by other proof, including admissions of defendant, to make a convincing case. The attorney for defendant, on cross-examination of complainant, elicited the details of police station house identification by both complainant and the companion, including the use in the office of the policeman of 15 pictures of men in prison uniforms. Nor do we regard as error the admission, without objection, of an unsolicited oral statement by defendant while he was being transported to court for arraignment (*People* v. *Waterman*, 9 N Y 2d 561; *People* v. *Stanley*, 15 N Y 2d 30; *People* v. *Gunner*, 15 N Y 2d 226, 233). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.